IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JASON WILEY and<br>REESHA WILEY, | * | |
| | * | |
| Plaintiffs, | | |
| | * | Civil Action No.:_____ |
| vs. | | (Removed from Circuit Court for |
| | * | Prince George's County, |
| REGIONAL ACCEPTANCE | | Case No. CAL 14-17155) |
| CORPORATION, | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant Regional Acceptance Corporation ("RAC"), by its undersigned attorneys, provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the action styled *Jason Wiley and Reesha Wiley v. Regional Acceptance Corporation*, Case Number CAL 14-17155 (Cir. Ct. Prince George's County) to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. § 1332(d) (the Class Action Fairness Act or "CAFA"). As grounds for removal, RAC states the following:

### I.     PLAINTIFFS' COMPLAINT

1. On July 2, 2014, Plaintiffs Jason Wiley and Reesha Wiley ("Plaintiffs"), on behalf of themselves and purportedly on behalf of others similarly situated, filed a Class Action Complaint and Demand for Jury Trial ("Complaint"), with the Clerk of the Circuit Court for Prince George's County (the "State Court Action"). The State Court Action was assigned Case Number CAL 14-17155.

2. Plaintiffs allege in the Complaint that they entered into a retail installment sales contract with a car dealer to finance the purchase of a used car. Compl., ¶ 3. The retail installment sales contract was

assigned to RAC. *Id.* When Plaintiffs failed to make their required monthly payments, RAC repossessed and sold the vehicle. *Id.*, ¶¶ 11, 14, 16, 17.

3.  Plaintiffs further allege that RAC failed to provide them with proper notices concerning the repossession and sale of the vehicle as required by Md. Code Ann., Com, Law II § 12-1021. *Id.*, ¶ 9.

4.  Plaintiffs pursue this case in their individual capacities and seek to represent a putative class of individuals whose cars were repossessed by RAC on or after June 1, 2011. Compl., ¶¶ 20. On behalf of themselves and the putative class they seek to represent, Plaintiffs allege the following causes of action against RAC: (1) Declaratory Judgment (Count I); (2) Breach of Contract (Count II); (3) Civil Penalties for Violation of Maryland's Credit Grantor Closed End Credit Provisions (Count III); and (4) Consumer Debt Collection Violations (Count IV). Compl., ¶¶ 27-51.

5.  The Complaint seeks a variety of forms of relief, including: (a) judgment in favor of the putative class members in the amount of any sum paid to RAC toward the deficiency balance, plus prejudgment interest and the costs of defending any action to collect the deficiency balance; (b) statutory damages; (c) trebled damages; (d) judgment in favor of the putative class members in the amount of any sum collected by RAC "pursuant to the notices" described in the Complaint; and (e) counsel fees. Complaint at 6-9 (*ad damnum* clauses for each count).

## II.     REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

6.  The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453. Congress passed CAFA with the intent to expand federal jurisdiction over class actions. *See* S. Rep. No. 109-14 (2005) at *43, *as reprinted in* 2005 U.S.C.C.A.N. 3, **41 (the Act " is intended to expand substantially federal court jurisdiction over class actions"); *see also Evans v.*

2

*Walter Industries, Ins.*, 449 F.3d 1159, 1164 (11th 2006) ("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction.").

7.  A "class action," as defined by CAFA, is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  Plaintiffs filed this action as a purported class action pursuant to Maryland Rule 2-231. Compl., ¶¶ 20-26.

8.  CAFA expressly provides that class actions filed in state court are removable to federal court on the basis of "minimal diversity" jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, where (a) the putative class contains at least one hundred class members; (b) any member of the putative class is a citizen of a state different from any defendant; and (c) and the matter in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs.

   a.  <u>Citizenship of the Parties</u>:  Under CAFA, diversity of citizenship exists between the parties so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A).  RAC is a North Carolina corporation that maintains its principal place of business in Greenville, North Carolina.  Attached as **Exhibit 1** is a report printed from the website of the North Carolina Department of the Secretary of the State indicating the corporate citizenship and principal place of business of RAC.  *See* http://www.secretary.state.nc.us/corporations (last visited August 21, 2014). As such, RAC is deemed to be a citizen of North Carolina for purposes of 28 U.S.C. § 1332.  By contrast, Plaintiffs are citizens of the State of Maryland, and seek to represent a class of Maryland residents.  Compl., ¶¶ 1, 20.

3345774.1 42709/125962 08/22/2014

b. <u>Amount in Controversy</u>:   Under CAFA, the claims of individual class members are aggregated to determine if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).   While RAC denies that Plaintiffs or any member of the putative class they seek to represent are entitled to recover in any amount, and specifically denies that Plaintiffs or any putative class member are entitled to the relief in the various forms and amounts sought, the Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs.

   i. Plaintiffs seek to represent and certify a class of Maryland residents whose automobiles were repossessed by RAC on or after June 1, 2011.   Compl., ¶ 20. RAC has identified more than 1,500 Maryland residents who defaulted on their monthly payments and had their vehicles repossessed.

   ii. Plaintiffs allege that RAC is required to repay to Plaintiffs and putative class members any deficiency amounts collected from Plaintiffs and the putative class members, plus prejudgment interest and the costs of defending any action to collect the deficiency balance. Compl., ¶¶ 37-43.

   iii. Plaintiffs further allege that RAC may not recover any deficiency amounts, interest, fees or costs on the loans of Plaintiffs and the putative class members whose vehicles were repossessed and sold. Compl., ¶¶ 44-48.

   iv. Plaintiffs also seek statutory damages and claim that those damages should be trebeled, "including three times the amount of interest, fees and other charged collected by RAC from Plaintiffs and the putative class members. *Id.*

4

v.  The aggregate amount in controversy based solely on claims accruing since July 2, 2013 - one year prior to the filing of the Complaint – exceeds $5,000,000. RAC has identified over 570 accounts secured by vehicles owned by a Maryland resident and/or sold at a Maryland dealership in which the vehicles were repossessed between July 2, 2013 and July 18, 2014.

1)  The total amount of debt on these accounts that has not yet been collected is in excess of $5,000,000 ("One-Year Uncollected Deficiencies"). Plaintiffs claim that RAC is not entitled to "seek deficiencies from defaulting borrowers, including interest, costs, fees and other charges." Compl., ¶ 47. Courts in the Fourth Circuit follow the "either viewpoint rule" so the Court may properly consider the cost to RAC – in excess of $6,000,000 – if it is unable to collect the One-Year Uncollected Deficiencies. *See, e.g., Chandler v, Cheesecake Factory*, 239 F.R.D. 432, 439 (M.D.N.C. 2006); *Gonzalez v. Fairgate Props. Co.*, 241 F. Supp. 2d 512, 517 (D. Md. 2002).

2)  The total amount of interest and late charges collected on the more than 570 accounts referenced above is more than $5,400,000, which if trebled totals more than $15,000,000. Plaintiffs seek, *inter alia*, a judgment for "three times the amount of interest, fees, and other charges collected by RAC." Compl., Count III (*ad damnum*).

3) Accordingly, the aggregate amount in controversy over the one-year period immediately preceding the filing of the Complaint and continuing through July 18, 2014 is in excess of $5,000,000.

9.   By establishing the statutory basis for removal under CAFA, RAC does not in any way concede the allegations against it, the appropriateness of either proposed class definition, or the propriety of this action proceeding as a class action.  Further, RAC's statement that the matter in controversy is in excess of $5 million is not intended to constitute an admission or acquiescence that the types of damages and categories of relief sought by Plaintiffs are available for the claims plead or that Plaintiffs or the putative class are entitled to any relief.

### III.      PROCEDURAL REQUIREMENTS AND LOCAL RULES

10. Removal to this Court is proper.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, which is the federal district court embracing the Circuit Court for Prince George's County, Maryland, where the State Court Action was initially filed.

11. Removal is timely.  The Complaint with the original summons was first received by service upon RAC, through its resident agent, on July 24, 2014.  This Notice of Removal is being filed with the United States District Court for the District of Maryland on August 22, 2014, within thirty days after receipt by RAC of the Complaint and summons.  *See* 28 U.S.C. § 1446(b).

12. Pleadings and Process.   Contemporaneously filed herewith are copies of all process, pleadings and orders received by RAC in the State Court Action.  *See* 28 U.S.C. § 1446(a); Local Rule 103(5)(a).  Also, attached hereto as **Exhibit 2** is a copy of the Notice of Filing of Notice of Removal that

6

RAC will file with the Clerk of the Circuit Court for Prince George's County, Maryland and will promptly serve upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

13. Signature:  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  28 U.S.C. § 1446(a).

14. Having satisfied all of the requirements for removal under CAFA, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and removal is proper.

WHEREFORE, having satisfied all the requirements for removal under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1441 and 1446, Defendant Regional Acceptance Corporation respectfully serves notice that the above-referenced civil action, now pending in the Circuit Court for Prince George's County, Maryland, is removed therefrom to the United States District Court for the District of Maryland.

Respectfully submitted,

Brian L. Moffet
Fed. Bar No. 13821
GORDON FEINBLATT LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland  21202-3332
Telephone No.: 410/576 - 4291
Fax No.: 410/576 – 4269
Email: bmoffet@gfrlaw.com
**Attorneys for Defendant**
**Regional Acceptance Corporation**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August 2014, a copy of the foregoing Notice of

Removal was mailed, first-class, postage prepaid, to:

> Thomas J. Minton
> Goldman & Minton, P.C.
> 1500 Union Avenue, Suite 2300
> Baltimore, Maryland 21211
>
> Bernard T. Kennedy
> The Kennedy Law Firm
> P.O. Box 657
> Edgewater, Maryland 21037

**Attorneys for Plaintiffs**

Brian L. Moffet

8